O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN W. MELTON, <br> TDCJ-CID # 1168128, <br><br> Plaintiff, <br><br> v. <br><br> MS. LOCK, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION H-04-3406 |

## MEMORANDUM OPINION AND ORDER

John W. Melton, a prisoner of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint under 42 U.S.C. § 1983 against TDCJ-CID officials. This action will be **DISMISSED** as frivolous.

In his original complaint, Melton claims that Ms. Lock, a parole officer, misused her authority to deny him the full benefits available under the established parole review process. He alleges that he is in prison pursuant to an aggravated assault conviction. However, during a parole interview, Lock read a statement from the Williamson County District Attorney's Office which implied that there was a sexual element to the act for which he was convicted. She further stated that Melton might have to attend sex offender classes.

Melton argues that Lock's actions resulted in a one-year set-off for parole consideration. He contends that her actions were malicious and that he suffered emotional injury as a result. He seeks $ 11,000,000.37 for loss of wages and mental anguish. He also seeks an injunction to prevent any

retaliation against him and passage of a statute in order to prevent this type of behavior from happening again.

A suit for damages under 42 U.S.C. § 1983 must be dismissed when the plaintiff is attacking the validity of his confinement and has not shown that the judgment against him has been overturned. *Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994). By challenging the Parole Board's decision to deny a release, Melton challenges the duration of his confinement and must satisfy *Heck*. *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). Melton presents no allegation or evidence that the Board's decision has been overturned. Melton's civil rights claim has no legal basis unless and until he obtains an appropriate judgment reversing his parole denial. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), *citing Heck*, 114 S.Ct. at 2372.

Further, it would be futile for Melton to seek a reversal of the Board's decision to deny parole because he cannot demonstrate that he was deprived of some right secured to him by the Constitution or the federal laws. *See Hilliard v. Bd. of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). In general, an inmate does not have a constitutional right to be released before the expiration of a valid sentence. *Greenholtz v. Nebraska Penal & Corrections*, 99 S.Ct. 2100 (1979). Texas prisoners do not have a state created liberty interest in parole reviews for due process purposes. *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Therefore, Melton has failed to state a claim that would entitle him to relief regarding denial of parole. *Wottlin v. Fleming,* 136 F.3d 1032, 1037 (5th Cir. 1998).

In an amended complaint, Melton alleges that he has been denied access to the courts. An inmate claiming that he has been denied access to the courts must show that he has been prevented from filing nonfrivolous legal claims which challenge one or more criminal judgments under which

he is being held or the conditions under which he is incarcerated. *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997), *citing Lewis v. Casey*, 116 S.Ct. 2174, 2182 (1996). Melton fails to provide any facts to support his claim nor does he cite any case or proceeding where he has been unable to timely file a necessary pleading or a related document. Without such a showing, Melton cannot show that he has suffered any harm which would entitle him to relief under § 1983. *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999).

Melton also seeks an order entitling him to medical treatment. In two sentences, Melton alleges that he has been denied a proper diet for his gastrointestinal disease and has suffered severe stomach cramps as a result. Melton has raised similar but more detailed claims in another § 1983 suit. *Melton v. Livingston*, No. H-05-1278 (S.D. Tex.). Maintenance of redundant claims in this suit would be a waste of judicial resources. *See Mayfield v. Collins*, 918 F.2d 560, 561-62 (5th Cir. 1990). Therefore, Melton's claims regarding medical care shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *Pittman v. Moore*, 980 F.2d 994 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989).

Melton has moved to proceed as a pauper. The motion is **GRANTED**. However, Melton is **ORDERED** to pay the entire filing fee as soon as funds become available. 28 U.S.C. § 1915(b). The TDCJ-CID Inmate Trust Fund is **ORDERED** to deduct 20% of each deposit made to Melton's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the entire filing fee ($150.00) has been paid.

It is, therefore, **ORDERED** as follows:

1. The motion to proceed *in forma pauperis* (Docket Entry 2) is **GRANTED**.

2. The TDCJ-CID Inmate Trust Fund is **ORDERED** to collect the filing fee and forward it to the court as provided in this Order.

3. This cause of action, filed by Inmate John W. Melton, TDCJ-ID # 1168128, is **DISMISSED** because it is frivolous and malicious. 28 U.S.C. § 1915(e).

4. The Clerk is directed to provide a copy of this Memorandum and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; the TDCJ-ID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number Fax Number (936) 437-4793; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 17th day of August, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE